IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | |
|---|---|
| **TAMMY WHITE,** | ) |
| | ) |
| **Movant,** | ) |
| | ) |
| v. | ) **CIVIL ACTION NO. 5:03-2084** |
| | ) **(Criminal No. 5:02-00120)** |
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Respondent.** | ) |

**PROPOSED FINDINGS AND RECOMMENDATION**

Movant, acting *pro se* and currently under supervision at a half-way house in Wilmington, North Carolina, filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody on August 3, 2003.[1] (Document No. 101.) Movant states as follows in seeking relief under § 2255:

   A.   Ground one: Conviction obtained by a violation of the privilege against self-incrimination.
       Supporting FACTS: My statement concerning any knowledge of any firearm in the possession of my co-defendant, Hartford Sellers, was taken without my having benefit of access or consultation with any legal counsel. I was further told such an admission would not effect any negative impact in my own sentencing which was not the case – it resulted in a 2 point gun enhancement being levied.
   B.   Ground two: Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.
       Supporting FACTS: All statements I made and plea arrangements I agreed to were not technically voluntary as I was pressured to accept consequences I did not fully understand. I felt I had no choice but to accept the Government's offer or face further harassment and penalty.
   C.   Ground three: Denial of effective assistance of counsel.

---

[1] Because Movant is acting *pro se*, the documents which she has filed are held to a less stringent standard than if they were prepared by a lawyer, and therefore, are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

> Supporting FACTS: When originally arrested, questioned and providing what turned out to be self-incrimination information, I was denied any assistance of counsel. During further process, my counsel failed to pursue legal grounds or provide argument challenging the 2 point gun enhancement, role participation or to seek relief *via* any safety valve reduction.

By Order filed on September 10, 2003, the undersigned required Respondent to file an Answer to the allegations contained in Movant's Motion. (Document No. 104.) Respondent filed a Response to Movant's Motion on October 14, 2003. (Document No. 108.) Respondent asserts that (1) Movant states no basis for claiming that she did not act voluntarily in entering her guilty plea; (2) Movant waived her right to challenge her conviction and sentence based upon an alleged violation of her constitutional right against self-incrimination by failing to file a direct appeal with respect to the enhancement of her sentence for the presence of a firearm in conjunction with the charged drug dealing activities, and in any event, other evidence was introduced at sentencing supporting the enhancement; and (3) Movant has not demonstrated constitutionally defective representation.

On July 19, 2004, Movant filed a Motion to Supplement her Motion under 28 U.S.C. § 2255 to claim entitlement to relief in view of the United States Supreme Court's decision in Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). (Document No. 130.)

On October 17, 2005, Movant filed a Motion to Response to Vacate Sentence and/or Vacate Enhancement. (Document No. 132.) Movant states that she filed her § 2255 Motion and Supplement and states that Respondent did not respond or she did not receive Respondent's response. Movant claims that "[m]y due process right is being violated, and its been over two years without a reply."

The undersigned has examined the entire record in this matter and United States v. White, Criminal No. 5:02-00120, and has determined that Movant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody must be denied.

## BACKGROUND

Movant was initially charged in a Criminal Complaint filed on May 13, 2002, with knowingly conspiring to possess with the intent to distribute oxycodone in violation of 21 U.S.C. § 846. United States v. White, Criminal No. 5:02-00120, Document No. 1. On June 3, 2002, Movant and the United States filed a Joint Motion to Waive Indictment. (Id., Document No. 27.) On June 18, 2002, having entered a plea agreement (Id., Document No. 34.), Movant entered a plea of guilty to the same charge as contained in an Information. (Id., Document No. 37.) The District Court sentenced Movant on October 21, 2002, to a 53 month term of imprisonment and a three year term of supervised release and imposed a $1,000 fine and a $100 assessment. (Id., Document No. 57.) Movant did not appeal her conviction or sentence.[2] Movant's sentence became final on November 7, 2002, when the ten-day period expired within which she could have filed a notice of appeal.[3]

## DISCUSSION

The relevant portion of § 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the

---

[2] The Bureau of Prisons' Inmate Locator indicates that Movant is currently in custody at CCM Raleigh, Butner, North Carolina, and has a projected release date of September 23, 2006.

[3] *See* Fed. R. App. P. 4(b)(1)(A)(i)("In a criminal case, a defendant's notice of appeal must be filed in the district court within 10 days after . . .:(i) the entry of either the judgment or order being appealed[.]" and 26(a)(2)(excluding intermediate Saturdays, Sundays, and legal holidays when the period is less than 11 days, unless stated in calendar days) District Judge Haden entered his Judgment in a Criminal Case on October 23, 2002. Excluding Saturdays and Sundays, Movant had until November 7, 2002, to file a Notice of Appeal and did not do so. Therefore, her sentence became final on that date.

sentence.

In order to be cognizable under § 2255, claims based on other than constitutional or jurisdictional grounds must present exceptional circumstances that justify permitting a collateral attack. Stated another way, the alleged error must amount to "a fundamental defect which inherently results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962). Section 2255 is not a substitute for direct appeal. United States v. Frady, 456 U.S. 152, 165, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). Accordingly, errors warranting a reversal on direct appeal will not necessarily support a collateral attack. Knight v. United States, 37 F.3d 769, 772 (1st Cir.1994). *See* United States v. Addonizio, 442 U.S. 178, 184, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979). Failure to raise an issue presented in sentencing on direct appeal which is non-constitutional in nature amounts to a waiver of the right to contest the issue in § 2255 proceedings. *See* United States v. Emanuel, 869 F.2d 795 (4th Cir. 1989).

With respect to issues which are constitutional in nature, absent a showing of good cause for and prejudice from failing to appeal as may be shown by a defendant in criminal proceedings, § 2255 is no substitute, and the failure precludes § 2255 review. Theodorou v. United States, 887 F.2d 1336, 1339-40 (7th Cir. 1989)("[A]bsent a showing of cause and prejudice, a defendant is barred from raising any constitutional challenge in a section 2255 proceeding which could have been raised on direct appeal."); United States v. Essig, 10 F.3d 968, 979 (3d Cir. 1993); *See also* United States v. Maybeck, 23 F.3d 888, 891 (4th Cir. 1994), *cert. denied*, 517 U.S. 1161, 116 S.Ct. 1555, 134 L.Ed.2d 657 (1996). The standard is conjunctive. As a general matter therefore, movants must show good cause for <u>and</u> prejudice from their failure to raise any constitutional issues advanced under § 2255 on direct appeal. *See* Theodorou, *supra*, 887 F.2d at 1340. Constitutional claims of ineffective

assistance of counsel are the exception. They are more properly raised in § 2255 proceedings and not on direct appeal. United States v. Richardson, 195 F.3d 192 (4th Cir. 1999), *cert. denied*, 528 U.S. 1096, 120 S. Ct. 837, 145 L.Ed.2d 704 (2000).

When a movant claims ineffective assistance of counsel as a basis for seeking relief under § 2255, the burden is on the movant to prove that his trial attorney failed to render effective assistance. Strickland v. Washington, 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984). In Strickland, the Court adopted a two-pronged test for determining whether a defendant received adequate assistance of counsel. Id. The first prong is competence. Defendant must show that the representation fell below an objective standard of reasonableness. Strickland, 466 U.S. at 687 - 691, 104 S.Ct. at 2064 - 2066. There is a strong presumption that the conduct of counsel was in the wide range of what is considered reasonable professional assistance, and a reviewing Court must be highly deferential in scrutinizing the performance of counsel. Strickland, 466 U.S. at 688-89, 104 S.Ct. at 2065 - 2066.

> A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. . .. [C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

Strickland, 460 U.S. at 690, 104 S.Ct. at 2066. The second prong is prejudice. The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694, 104 S.Ct. at 2068. An attorney's mere mistake, ignorance or inadvertence does not suffice for proof of ineffective assistance. Murray v. Carrier, 477 U.S. 478, 106 S. Ct. 2639, 2645-46, 91 L.Ed.2d 397 (1986)("So

long as a defendant is represented by counsel whose performance is not constitutionally ineffective under the standard established in Strickland v. Washington, . . . we discern no inequity in requiring him to bear the risk of attorney error that results in a procedural default.") The movant must therefore show (1) that her attorney's performance was constitutionally inadequate, i.e., that he committed errors so serious that his performance "fell below an objective standard of reasonableness" and (2) that her attorney's performance prejudiced her such that it rendered the proceeding fundamentally unfair or made the result unreliable. Strickland, 466 U.S. at 687 - 88, 104 S.Ct. at 2064 - 2065; Fitzgerald v. Thompson, 943 F.2d. 463 (4th Cir. 1991), *cert. denied*, 502 U.S. 1112, 112 S. Ct. 1219, 117 L.Ed.2d 456 (1992).

     Movant claims that she was improperly assessed a two level enhancement of her sentenced based upon a statement which she gave without having an attorney respecting the presence of a firearm in conjunction with the charged drug dealing activities. Assuming that Movant's sentence was enhanced based upon her statement given without the benefit of advice of counsel, it does not appear that Movant has or can demonstrate cause as required for failing to raise the issue on direct appeal, and the issue is therefore not cognizable under § 2255. Furthermore, as Respondent points out, Movant's sentence was not enhanced based upon her statement. The District Court found the enhancement appropriate on the basis of the statement and testimony of Movant's co-defendant, Christopher Hager, at her sentencing hearing. *See* Sentencing Hearing Transcript attached as Exhibit B to Respondent's Response (Document No. 108), pp. 33, 53 - 54, 66 and 75 - 76.

     Movant claims that her guilty plea was given involuntarily. The undersigned finds that Movant does not indicate any reason why she did not raise this issue on direct appeal, and none appears in the record. The issue is therefore not properly raised under § 2255. Furthermore, when asked at her plea hearing whether "any person or any agency in any way threatened you or coerced

you or intimidated you into entering a plea against your will", Movant responded "No, sir." See Plea Hearing Transcript (Document No. 107.), pp. 21 - 22.

Movant further asserts that her attorney was ineffective in representing her because he did not challenge the enhancement of her sentence based upon her co-defendant's possession of a firearm in conjunction with the charged drug offense, address her role in the offense or assert that she was entitled to safety valve treatment. It is clear from the transcript of the sentencing hearing that Movant's attorney objected to the enhancement of Movant's sentence based upon the firearm. *See* Sentencing Hearing Transcript attached as Exhibit B to Respondent's Response (Document No. 108), p. 66. Second, the District Court did not enhance Movant's sentence based upon role in the offense. Id., p. 74. Movant's role in the offense was therefore not in issue at sentencing, and there was no need for Movant's attorney to object. Finally, the undersigned finds that the District Court was not required to impose a mandatory minimum sentence. Id., pp. 77 - 78. The District Court resorted to the Guidelines in sentencing Movant. Safety valve treatment was therefore not an issue. Additionally, even if it was, Movant was not entitled to safety valve treatment, as Respondent contends, because she was found to have known of her co-defendant's possession of a firearm in conjunction with drug dealing activities. While 18 U.S.C. § 3553(f) permits the Court to sentence on the basis of the United States Sentencing Guidelines rather than statutorily prescribed mandatory minimums under certain circumstances, pursuant to U.S.S.G. § 5C1.2(a)(2), possession of a firearm in connection with drug dealing activities renders one ineligible for such treatment. There was no need for Movant's attorney to consider and address the application of the safety valve under these circumstances. The undersigned finds that Movant's attorney's representation fell within objective standards of competency and was therefore not deficient as Movant contends.

The undersigned further finds that Blakely v. Washington is inapplicable in Movant's case. In

Blakely, the Supreme Court reaffirmed the Court's holding in Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 2362 - 63, 147 L.Ed.2d 435 (2000), that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." and invalidated Washington's sentencing scheme because it required the judge to impose a sentence based on facts neither admitted by the defendant nor reflected in the jury verdict in violation of the Sixth Amendment. Blakely, 542 U.S. at 303, 124 S.Ct. at 2537. The undersigned finds that the Supreme Court's decision in Apprendi and Blakely clearly can have no affect upon Movant's sentence because her 53 month sentence did not exceed the applicable statutory maximum penalty of twenty years for the crime of which she was convicted. Second, as stated above, Movant's sentence became final on November 7, 2002, when the ten-day period expired within which Movant could have filed a notice of appeal. Blakely was decided on June 24, 2004, and has not been found to be applicable retroactively.

## **PROPOSAL AND RECOMMENDATION**

Accordingly, the undersigned hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DISMISS** Movant's Motion under § 2255 to Vacate, Set Aside or Correct his Sentence (Document No. 101.) as supplemented (Document Nos. 130 and 132.) and remove this matter from the Court's docket.

Movant is notified that these Proposed Findings and Recommendation are hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Thomas E. Johnston. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(a), Federal Rules of Civil Procedure, Movant shall have three days (mailing/service) and then ten days (filing of objections), for a total of thirteen days from the date of filing this Proposed

Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served upon the presiding United States District Judge, District Judge Johnston and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy to counsel of record and Movant who is acting *pro se* in these proceedings at her current address as follows:

> Ms. Tammy White
> Inmate No. 38799-066
> Bannum Place
> 716 Princess Street
> Wilmington, N.C. 28401

Date: May 23, 2006.

R. Clarke VanDervort
United States Magistrate Judge